132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cruz Jaime Yovany MONTES, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70682, Azh-zhx-pdk.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 18, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Cruz Jaime Yovany Montes, a native and citizen of El Salvador, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the immigration judge's denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We review the BIA's factual findings underlying its decision for substantial evidence, and will not reverse unless the evidence compels a contrary result. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997).
 
 
 4
 Montes contends that he has established past persecution or a well-founded fear of future persecution by the El Salvadoran army on account of imputed anti-government political opinion. We disagree. Montes testified that when he was approximately fifteen years old, he attended an anti-government rally at his school. The El Salvadoran army told the rally participants to stop or they would be killed. This incident does not establish that Montes suffered past persecution or has a well-founded fear of future persecution. See Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir.1994) (to establish eligibility for asylum, the petitioner must establish that he faces a particularized threat of persecution).
 
 
 5
 Because Montes failed to demonstrate eligibility for asylum, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996).
 
 
 6
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)